**GOMEZ v. RUIZ et al.**

No. 9206.

Court of Civil Appeals of Texas. San Antonio.

Dec. 20, 1933.

Raphael Cowen, of Brownsville, for appellant.

Fred Kowalski, of Brownsville, for appellees.

MURRAY, Justice.

Appellant, Julio Solis Gomez, instituted this suit in the justice's court, precinct No. 2, place No. 2, of Cameron county, against appellees, Josefa Ruiz and her husband, Eleuterio Ruiz, for the title and possession of one cow.

It is contended by appellant that he sold this cow to Josefa Ruiz for the sum of $50, and that there is a balance due of the sum of $40.

Appellee Josefa Ruiz' contention is that she had in effect loaned Gomez $12 and was holding the cow as security for this loan.

The cause was first tried in the justice's court, from which an appeal was taken, and a trial de novo had in the county court, which resulted in judgment for appellees for the sum of $12, together with a foreclosure of a lien on the cow. Julio Solis Gomez has perfected this appeal.

There is serious doubt in the mind of this court as to whether or not the amount involved in this case is sufficient to give us jurisdiction, but, as appellant had asked for the sum of $100 as damages for loss of the use of the cow, which claim for damages was stricken out by the trial court upon the special exception of appellee, we will resolve the doubt in favor of our jurisdiction.

The transaction arose in this manner: Gomez was the owner of a cow which he had loaned to Josefa Ruiz. Gomez was in need of $10 to make a trip to Mexico; he and Josefa Ruiz secured this $10 by both signing a note for $12 to a loan company, and pledged the cow as security. When the note came due, Gomez was still in Mexico, and Josefa Ruiz paid the $12, and the loan company transferred to her their note and security.

When Gomez returned, he contended that Josefa Ruiz owed him a balance of $40 on the cow trade. Josefa Ruiz contended that she owed him nothing, but that Gomez owed her $12, and she was going to hold the cow until her claim was paid. Gomez then made her the proposition that, if she would pay a debt of $23 owing by him to A. Orive, Jr., she could have the cow. Orive agreed that she might pay him this debt by washing for him at a dollar a week, but, after three weeks, she and Orive disagreed, and no more washing was done by her for him. After this transaction, Gomez brought this suit to foreclose on the cow or for direct recovery of the cow.

The case was tried before a jury in the county court, and in answer to special issues the jury found that Josefa Ruiz had not bought the cow, but had in effect advanced $12 on the cow as a loan to Gomez. Judgment was entered in her favor for the $12, together with a foreclosure of her lien on the cow.

The evidence was contradictory on all points. Gomez' testimony was that Josefa Ruiz in effect borrowed the money from the loan company and paid it to him as a part payment of the purchase price of the cow. Josefa Ruiz' contention was that Gomez borrowed the money and she signed as a surety, and, being forced to pay the loan company, she was subrogated to all the rights of the company.

The jury found in her favor, and found in effect that she did not buy the cow.

Gomez is in no position to contend that appellee bought the cow by assuming the Orive debt, because, if this be true, Gomez could have no further interest in the cow.

Josefa Ruiz stated that, while she undertook to wash for Orive to pay the $23, she at the same time informed Gomez she was holding the cow as security for the $12 she had paid the company. The washing contract was admittedly breached by Orive, and cannot affect the status of Gomez and Josefa Ruiz.

There being evidence to support the findings of the jury and the judgment based thereon, the judgment of the trial court will be affirmed.